# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHELE McCLAFLIN,       )
                             )
              Plaintiff,     )
                             )
vs.                        )     Case No. 11-1303-KHV-KGG
                             )
BOARD OF COMM'RS OF    )
BUTLER CO., KANSAS, *et al.,*   )
                             )
            Defendants.    )
_____)

## ORDER ON IFP STATUS

Plaintiff Michelle McClaflin filed a federal court Complaint alleging age discrimination and retaliation in her employment.  (Doc. 1.)  In conjunction with her Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed).  Having reviewed Plaintiff's motion, as well as her financial affidavit and Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally, **Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See **Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her financial affidavit, Plaintiff is 46-years-old and separated. (Doc. 3-1, at 1.) Her estranged husband is 61. She has no dependents. (*Id*., at 2.) She is currently employed, makes a reasonable wage, and receives health insurance benefits through her job, for which she pays a substantial premium. (*Id*., at 2-3, 5.) She does not provide information regarding her husband's employment.[1] (*Id*., at 3.) She also lists a sizeable amount of income from "other gov't sources" without

---

[1] Although Plaintiff indicates she is separated, based on the information contained in her financial affidavit, she remains married. As such, an estranged spouse's income, if any, is typically relevant to the Court's analysis. Plaintiff has, however, included a copy of her Petition for Divorce and accompanying Domestic Relations Affidavit, indicating to the Court that her husband's income is probably irrelevant to this process. (Doc. 3-1, at 7-14.)

indicating the exact government source.  (*Id.*, at 5.)

Plaintiff and her husband together own outright the home she lists as her address, which has a modest declared value.  (*Id.*, at 3-4.)  She has two modest automobiles, on which she is currently making monthly payments.  (*Id.*, at 4.)  She lists no cash on hand.  (*Id.*)  Plaintiff lists standard monthly expenses, although some of the amounts seem somewhat inflated (for instance, $450/month for gas).[2] (*Id.*, at 5.)  Plaintiff also lists a significant amount of medical bills and student loans.  (*Id.*, at 5-6.)  She has not filed for bankruptcy.  (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has significant yet reasonable monthly expenses that do not exceed her income, but that leave little money remaining after her financial obligations are met.  Given her current financial situation, the Court finds that Plaintiff has established that she is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

---

[2]  There also appear to be some minor inconsistencies with the amounts for monthly expenses listed in her Domestic Relations Affidavit (*id.*, at 11), although there is nothing substantial.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 18th day of October, 2011.

 s/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge