## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHELE MCCLAFLIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 11-1303-KHV |
| | ) | |
| BOARD OF COMMISSIONERS OF | ) | |
| BUTLER COUNTY, KANSAS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff, a former employee of the Butler County Jail, filed suit against the Board of County Commissioners of Butler County, Kansas, Craig Murphy (former Butler County Sheriff), Galen Whitaker and Rene Bender (a Butler County Human Resources employee). Plaintiff alleges discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"). This matter is before the court on defendants' Motion To Dismiss (Doc. #10) filed December 1, 2011. For reasons stated below, the court sustains defendants' motion.

### Factual Background

Plaintiff's complaint, as clarified by her briefing on defendants' motion to dismiss, alleges the following:

On November 28, 2007, in this court, plaintiff filed suit against the Board of County Commissioners of Butler County and Butler County Sheriff Craig Murphy. See D. Kan. No. 07-1830-JTM. Plaintiff alleged sex discrimination and sexual harassment. See Complaint (Doc. #1) in D. Kan. No. 07-1830-JTM. Plaintiff also alleged that Butler County fired her on December 29, 2005 in retaliation for her complaints to her supervisors of sexual harassment and sex discrimination. See id. In May of 2008, the parties settled the lawsuit. The settlement agreement provided in part

that defendants would provide a neutral reference to potential employers.  See Doc. #13.

On October 5, 2011, plaintiff filed the instant action against the Board of County Commissioners, Bender, Murphy and Whitaker.  Plaintiff asserts that defendants, particularly Bender, provided unfavorable references to potential employers in retaliation for her discrimination complaint in 2007.  See Kansas Human Rights Commission Charge at 1-2, attached to Employment Discrimination Complaint (Doc. #1).

**Discussion**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content.  See Iqbal, 556 U.S. at 686.  A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged.  Id. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations omitted).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Furthermore, while the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Because plaintiff proceeds pro se, the court construes her complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court does not, however, assume the role of advocate for a pro se litigant.  See id.

**I.      Age Discrimination Claim**

As best the court can ascertain from plaintiff's briefing on defendants' motion to dismiss, see Docs. #11 and #13,[1] plaintiff has abandoned her claim for age discrimination by failing to set forth any factual basis for such a claim.  In any event, because plaintiff did not have an employment relationship with defendants since the settlement of her prior lawsuit in 2008, she cannot maintain a claim for age discrimination.  See Doc. #10 at 3; Doc. #12 at 3-4.  The Court therefore dismisses plaintiff's age discrimination claim under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief can be granted.

**II.     Retaliation Claim**

The ADEA prohibits an employer from discriminating against an employee for opposing any practice made unlawful by the Act.  See 29 U.S.C. § 623(d).  In her response to defendants' motion to dismiss, plaintiff apparently claims that in retaliation for the filing of her lawsuit in 2007, defendants breached the settlement agreement by not providing potential employers a neutral reference for plaintiff.  Doc. #11 at 1.  In essence, plaintiff's retaliation claim relies on the theory that any breach of the settlement agreement is retaliation because plaintiff originally filed a lawsuit which alleged age discrimination.  Under Iqbal, however, plaintiff must show more than a sheer

---

[1]      Based on plaintiff's pro se status, the court has considered plaintiff's surreply (Doc. #13) even though plaintiff did not seek leave to file it.

-3-

possibility that defendants have acted unlawfully. Iqbal, 556 U.S. at 678. It is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). Plaintiff has not alleged sufficient facts to state a plausible connection between any alleged breach of the settlement agreement and the filing of her original lawsuit in 2007. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (factual allegations in complaint must sufficiently raise right to relief above speculative level) (citing Twombly, 550 U.S. at 556); see also Somoza v. Univ. of Denver, 513 F.3d 1206, 1212 (10th Cir. 2008) (essential element of prima facie case is causal connection between protected activity and materially adverse action). The Court therefore must dismiss plaintiff's retaliation claim for failure to state a claim on which relief can be granted.[2]

### Conclusion

In sum, I find and conclude that plaintiffs' claims will be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss (Doc. #10) filed December 1, 2011 be and hereby is **SUSTAINED**. The Court dismisses plaintiff's complaint for failure to state a claim on which relief can be granted.

---

[2] From a brief review of plaintiff's complaint and her briefing on defendants' motion, she asserts a breach of the settlement agreement. See Employment Discrimination Complaint (Doc. #1) ¶ 10 ("Based on [the] fact that not one person called Renee Bender for a reference to my employment and experience in law enforcement since May 2008, I believe [the] contract or [settlement] agree[ment] was violated by then Sheriff Craig Murphy and Captain Galen Witaker."); Response To Motion To Dismiss (Doc. #13) at 1 (court should find in plaintiff's favor because Butler County voluntarily breached settlement agreement); id. at 2 (asking court to throw out settlement agreement or find that Butler County violated agreement); Response To Motion To Dismiss (Doc. #11) at 1 (settlement agreement made in retaliation case was violated). But even if plaintiff's claim under the ADEA was the basis of the settlement agreement, a breach of the agreement is a straightforward contract dispute. See Greenhill v. Spellings, 482 F.3d 569, 575 (D.C. Cir. 2007) (Title VII). Plaintiff simply cannot state a claim under the ADEA based solely on a breach of a settlement agreement.

-4-

Dated this 3rd day of May, 2012.

s/ William P. Johnson
WILLIAM P. JOHNSON
United States District Judge